FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10394 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-114 LKK |
| v. | MEMORANDUM[*] |
| STEFAN WILSON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted September 15, 2010
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and MILLS,[**] Senior District Judge.

Defendant Stefan Wilson appeals from the district court's sentence of 236 months for wire fraud and tax evasion. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the "district court's interpretation of the

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). We vacate the Defendant's sentence, and remand for resentencing.

The district court did not specifically rule on the Defendant's objections to three enhancements contained in the Presentence Investigation Report (PSR). Furthermore, the district court did not rule on the Defendant's objection to the Criminal History Category assigned in the PSR. The Court cannot properly review the sentence on appeal without rulings by the district court on these objections. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc); *Kimbrew*, 406 F.3d at 1151. Thus, we must vacate and remand. *See United States v. Denton*, 611 F.3d 646, 651 (9th Cir. 2010).

The Defendant's remaining allegations of procedural error–that the district court failed to inquire whether the Defendant had read the PSR and that the district court did not adopt the PSR–can be resolved by the district court on remand.

**SENTENCE VACATED, REMANDED FOR RESENTENCING.**

*United States v. Wilson*, No. 09-10394

WALLACE, Circuit Judge, dissenting:

I dissent from the majority's disposition because it places a burden on district court judges that is inconsistent with Federal Rule of Criminal Procedure 32.

The majority faults the district court for not "specifically rul[ing] on [Wilson's] objections to three enhancements contained in the Presentence Investigation Report (PSR)." The disposition also states that the district court "did not rule on [Wilson's] objection to the Criminal History Category assigned in the PSR." The majority relies on *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc), *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005), and *United States v. Denton*, 611 F.3d 646, 651 (9th Cir. 2010) for the proposition that we "cannot properly review the sentence on appeal without rulings by the district court on these objections." None of these cases, however, require a district court to make a specific ruling on *legal* objections to a sentencing enhancement or to a defendant's criminal history category. By imposing the sentence that it did, it is clear that the district court concluded that these *legal* objections were without merit.

Wilson's argument on appeal is premised on Rule 32(i)(3)(B). We have construed Rule 32 as merely requiring that sentencing courts rule on disputes

pertaining to *factual* inconsistencies. *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009) (Where "objections to the PSR [are] legal, not factual, the district court was not required to make any factual determinations"); *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008) ("recommendations, opinions or conclusions [that are] *not factual in nature*" do not require a ruling under Rule 32) (emphasis added; quotation omitted).

In this case, the three specific objections identified in Wilson's appeal are all legal objections, or are of such nature that no specific ruling was necessary. Therefore, I would affirm.